# RABURN v. BOARD OF COUNTY COM'RS OF McINTOSH COUNTY.

No. 22083. April 10, 1934.

E. C. Hopper, Jr., for plaintiff in error.

Roy White, Co. Atty., and Milam M. King, Asst. Co. Atty., for defendant in error.

CULLISON, V. C. J. Henry H. Raburn, an incompetent, received compensation from the United States government for disabilities incured as a soldier in the World War and invested said money in real property in Oklahoma. He filed this suit to determine whether property purchased by said compensation was subject to taxation. The court sustained a demurrer to plaintiff's petition, and he appealed. The only question for our determination is whether or not said real property is subject to taxation, under paragraph 454, of title 38, United States Code Annotated, which provides:

"The compensation, insurance, and maintenance and support allowance payable under Parts II, III, and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Parts II. III, or IV; and shall be exempt from all taxation. * * *"

The United States statute just quoted was passed upon very recently by the United States Supreme Court, in the case of Trotter, G'dn, v. State of Tennessee, 78 L. Ed. 128, wherein the United States Supreme Court construed said statute and held that where said tax exempt funds were invested in real property, said real property so purchased would not be tax exempt, but that such real property was subject to taxation.

This interpretation of said statutory provision is conclusive of said matter.

The judgment of the district court refusing to grant plaintiff relief from taxation was proper, and the same is hereby affirmed.

SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. RILEY, C. J., and WELCH, J., absent.